UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ANDREW D. BEER and PINNACLE GROUP      :
SECURITIES, LLC,                                                     :
                                                                                          :
                                        Plaintiffs,                      :
                                                                                          :          06 Civ. 9424 (HB)
            - against -                                                       :
                                                                                          :          OPINION & ORDER
DAVID H. NUTT,                                                         :
                                                                                          :
                                        Defendant.                    :
------------------------------------------------------------------------x

Hon. HAROLD BAER, JR., District Judge:

        Plaintiffs Andrew Beer ("Beer") and Pinnacle Group Securities, LLC ("Pinnacle") (collectively "Plaintiffs" or "Respondents") have filed a joint motion for a preliminary injunction to stay an arbitration initiated by Defendant David Nutt ("Nutt" or "Defendant" or "Claimant") currently pending in front of the National Association of Securities Dealers ("NASD") in Jackson, Mississippi. Defendant Nutt moves to dismiss this case for improper venue or in the alternative, compel arbitration. For the reasons below, Plaintiffs motion to stay arbitration is DENIED and Defendant's cross-motion to compel arbitration in Mississippi is GRANTED.

## I.     BACKGROUND

        The following facts are taken in main part from Defendant Nutt's Statement of Claim to the NASD arbitration panel. In late 2000, Defendant Nutt traveled to New York City where he met with Plaintiff Beer, President of Bricolage Capital, LLC ("Bricolage"), who described an investment opportunity in a "Fund of Funds" called Fiesta Partners Fund, LLC ("Fiesta" or "Fund").[1] Andrew Beer Affidavit ("Beer Aff."), Ex. 1, Statement of Claim at 1 (Oct. 13, 2006). Beer explained that Fiesta was a vehicle that would invest in a hedge fund that dealt with foreign currency (the "Option Fund") as well as in a venture capital fund that would invest in technology start-up companies (the "Venture Capital Fund"). Id. Pursuant to Fiesta's Operating Agreement, Bricolage would be the sole managing member of the Fund, id. ¶ 2, and would own 1% of Fiesta. The remaining 99% would be owned by Nutt. Id., Ex. 1 at 12. Based on Beer's representations, Nutt decided to invest approximately $4.9 million in Fiesta.

        In a letter dated January 27, 2003, Bricolage informed Nutt that Pinnacle would assist

---

[1] New York City is the principal place of business for both Fiesta and Bricolage and neither party has ever been registered with the NASD. Beer Aff. ¶ 3.

1

Bricolage with Fiesta's asset management as a placement agent for the Fund.[2]  David Nutt Affidavit ("Nutt Aff."), Ex. 1.  Defendant Nutt alleges that at this point Pinnacle replaced Bricolage as managing member of Fiesta.

Nutt argues that despite Beer's assurances about the future profitability of the Fiesta Fund, the investment was a sham operation used to obtain his money and pay fees to Bricolage and Beer. In mid-2005, Nutt claims that he learned that his investment in the Venture Capital Fund was worthless.

On August 31, 2006, Nutt filed a NASD arbitration claim against Beer and Pinnacle, Respondents in the arbitration action, which alleged that Beer, individually and through alter ego corporations which include Pinnacle and Bricolage, defrauded him in connection with his investment of $4.9 million in Fiesta.  He brings the following causes of action against these entities – breach of fiduciary duty, common law fraud and misrepresentation, negligence/breach of NASD Rules, and violations of the Mississippi securities act.  Nutt seeks to recover his initial $3.8 million investment in the Venture Capital Fund as well as punitive damages.[3]

On October 16, 2006, Beer and Pinnacle filed a motion for a preliminary injunction to enjoin the arbitration proceeding on the basis that they never agreed to arbitrate this claim in front of the NASD and are not mandated to do so because Nutt's claim does not arise out of their business.  Nutt, the Defendant in the action before me, responded with a motion to dismiss for improper venue, or in the alternative, a motion to compel arbitration.  The matter was fully briefed on November 13, 2006 and an oral argument was held the next day.

## II.  DISCUSSION

### A.  *Preliminary Injunction*

In order to grant an injunction, Plaintiffs as the moving party must establish: 1) irreparable harm without an injunction, and (2) either (a) a likelihood of success on the merits or (b) serious questions about the merits, such that the balance of hardships weigh in their favor.  Merrill Lynch Inv. Managers v. Optibase, Ltd., 337 F.3d 125, 129 (2d Cir. 2003).

### *1. Irreparable Harm*

A party forced to spend time and money to arbitrate a claim that is not arbitrable will suffer irreparable harm.  Id. (citing Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations, 107 F.3d 979, 985 (2d Cir. 1997)).  It is undisputed that Plaintiffs have not agreed to arbitrate this claim

---

[2] Pursuant to an Investment Management Agreement, Bricolage is Fiesta's investment advisor.  Beer Aff. ¶ 7.

[3] The remaining $1.1 million was invested in the Option Fund and is not at issue here.

2

and that they contend that the Defendant's claim does not arise out of the business of Pinnacle or its associated person, Beer. If true, Plaintiffs would be irreparably harmed if forced to arbitrate. I will discuss the merits of the Plaintiffs' arguments below.

*2. Likelihood of Success on the Merits*

The court decides whether an underlying dispute is arbitrable. See, e.g., Howsam v. Dean Witter Reynolds, 537 U.S. 79, 82 (2002). It is undisputed that Pinnacle has been an NASD member since September 2002 and Beer an associated person of Pinnacle from that time until September 2004, when Beer withdrew as a NASD member. 10/13/06 Beer Aff. ¶ 5, fn. 4. Further, it is uncontested that Plaintiffs seek to arbitrate all claims that fall within Section 10301 of the NASD Code. Section 10301 provides in relevant part that:

> Any dispute, claim or controversy. . . between a customer and a member and/or associated person arising in connection with the business of such member or in connection with the activities of such associated persons shall be arbitrated under this Code, . . . upon the demand of the customer.

Rule 10301 contains two discrete requirements. John Hancock Life Ins. Co. v. Wilson, 254 F.3d 48, 58 (2d Cir. 2001). First, claimant's demand must involve a "dispute . . . between a customer and member and/or associated person." Id. Second, the dispute must "aris[e] in connection with the business of such member *or* in connection with the activities of such associated persons." Id. (emphasis added). It is well-established that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).

The first requirement is met – this is a dispute, at the minimum, between Nutt and Beer. Defendant Nutt alleges in his Statement of Claim that he is a customer and was fraudulently induced to invest in Fiesta based on the misrepresentations of Beer. At that time, Beer was President of the investment vehicle, Fiesta, as well as Bricolage, the managing member and investment advisor of Fiesta. And as mentioned above, Pinnacle was formed to serve as placement agent for Fiesta in 2001. Nutt was a customer of both Pinnacle and Beer through Nutt's investment in Fiesta and neither party contests this.

However, Plaintiffs argue that the dispute does not arise in connection with their business. First, Plaintiffs allege that the Statement of Claim exclusively involves Nutt's investment in Fiesta in 2000, a year before Pinnacle's formation and two years before Beer became an associated person of Pinnacle. Thus, Plaintiffs contend, they cannot be compelled to arbitrate in front of the NASD

panel because they were not members at the time the claim arose.  Cf. Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1288 (11th Cir. 2002) (finding that membership status should be fixed at the time of the events that give rise to the dispute, not at the time the arbitration claim was filed). While it is true that causes of action in the Statement of Claim primarily deal with Nutt's initial investment in Fiesta in 2000, Nutt alleges a continuing fraud that spanned the formation of Pinnacle and includes Beer's association with the company.  Nutt contends that from the time of his investment in 2000 until the middle of 2005, he regularly communicated with Beer about the status of the Venture Capital Fund and was "assured . . . that the investments held great promise." 10/13/06 Beer Aff., Ex. 1 at 2.  These representations proved untrue.

Plaintiff Pinnacle also contends that it had nothing to do with the management of Fiesta, the investment vehicle complained of in this case, and thus, they (and Beer as their associated person) are not involved in this dispute.  While this may be true, arbitration before the NASD is nonetheless appropriate.  NASD jurisdiction pursuant to Section 10301 is premised on either the business of the member or the activities of the associated person.  The plain language of Section 10301 states that a dispute is arbitrable if it "aris[es] . . . in connection with the activities of such associated persons." Plaintiff Beer was intimately involved in the 2000 Fiesta investment and his involvement in Fiesta included the time period during which he was an associated person of Pinnacle.

At the outset of the alleged fraud, Beer was involved as the primary marketer and manager of the investment vehicle, Fiesta.  In fact, he was (and remains) President of the sole managing member of the Fund, Bricolage.  Bricolage employees kept Nutt up-to-date with respect to the status of his investment in Fiesta.  See 11/10/06 Beer Aff., Ex. 2 (quarterly update reports from Bricolage employees from August 2001 through February 2005).  Beer also corresponded with the Defendant with respect to his Fiesta investment.  In fact, in a 15 page letter dated April 7, 2004, Beer reviews Nutt's Venture Capital Fund investment from its beginning in 2000 and informs Nutt that the Venture Capital Fund had lost value.  Nutt Aff., Ex. 4.  Beer sent this letter while he was an associated person of Pinnacle and according to Nutt, the letter contained numerous misrepresentations that served as the basis for his Statement of Claim to the arbitration panel.  In short, Beer was involved in this ongoing fraud, both in his individual capacity and while he was an associated person of Pinnacle.

But Plaintiffs argue that none of the correspondence that relates to Nutt's Fiesta investment came from Beer in his capacity as a Pinnacle employee.  While true, this does not help Plaintiffs' argument.  I have found nothing in the Code or in the case law that requires the dispute to have

arisen in connection with the activities of the associated person acting as a representative of the member organization. In fact, this Circuit held in <u>John Hancock Life Insurance Company</u> that John Hancock Life Insurance Company, a NASD member brokerage firm, could be compelled to arbitrate a dispute that arose in connection with the purchase of fraudulent promissory notes from their associated person, although there was no evidence that the investors were aware that the broker was even associated with the firm or was acting as a representative of the firm when he sold the fraudulent notes. 254 F.3d at 59. In other words, informal business relationships, even tenuous connections among the customer, associated person, and NASD member are sufficient to compel arbitration. <u>See, e.g.</u>, <u>Oppenheimer & Co. v. Neidhardt</u>, 56 F.3d 352, 357 (2d Cir. 1995) (finding dispute was arbitrable when investors gave money to the NASD member brokerage firm Vice President, but did not open accounts with the firm).

In light of the multiple and overlapping roles filled by Plaintiff Beer in connection with the Fiesta investment and the presumption in favor of arbitration, I can only conclude that arbitration is the appropriate modality and that this dispute is proper to come before a panel of the NASD. Plaintiffs' request for a preliminary injunction to stay the arbitration is denied.

## B. Venue

In the alternative, Defendant argues that venue is improper in the Southern District of New York and thus, this case should be dismissed. Since I have granted Defendant's motion to compel arbitration, Defendant conceded at oral argument that it is unnecessary to reach this issue. See Tr. at 21:21-24.

### III. CONCLUSION

Plaintiffs' motion to stay arbitration is denied and Defendant's motion to compel arbitration is granted. The Clerk of the Court is instructed to close this matter and remove it from my docket.

**IT IS SO ORDERED.**

New York, New York
January 3, 2007

U.S.D.J.

5